

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2008

# Krestianti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Krestianti v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3642

DEFIE KRESTIANTI; HENDRO SUTEDJA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
(Agency File No. A97-479-776)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2007

Before: McKEE, CHAGARES and HARDIMAN,
*Circuit Judges*.

OPINION

McKEE, Circuit Judge.

Hendro Sutedja and Defie Krestianti, husband and wife, petition for review of the

Board of Immigration Appeals' summary affirmance of the Immigration Judge's denial of

their request for asylum, withholding of removal, and relief under the United Nations

Convention Against Torture ("CAT"). For the reasons that follow, we will deny the

petition.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background. In order to obtain asylum or withholding of removal, Petitioners must establish that they are "refugees" as defined in 8 U.S.C. § 1101(a)(42)(A). That statute provides relief from removal if an alien can establish "[1] persecution or [2] a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See also* 8 C.F.R. § 208.13(b); *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003).

Here, the government correctly notes that Krestianti did not raise the IJ's denial of her claim for relief based on Chinese ancestry and that Sutedja did not raise the IJ's denial of his claim based on religion as required by 8 U.S.C. § 1252(d)(1). They have therefore failed to exhaust those claims and we do not have jurisdiction to review them. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). Accordingly, we can only consider Sutedja's petition for review of the IJ's denial of his claim based on his Chinese ethnicity.[1]

Our review is narrow. When the BIA adopts the decision of the IJ without opinion pursuant to 8 C.F.R. § 1003.1(e), we review the decision of the IJ as the final agency

---

[1] We note, however, based on our review of the IJ's ruling, that the record is sufficient to support the denial of Krestiani's ethnically based claim as well as Sutedja's claim based on his religion. As the IJ correctly held, even assuming their testimony to be true, the record does not contain sufficient evidence of governmental involvement or acquiescence to support those claims. Accordingly, we would deny their challenge to those claims even if they were before us.

2

decision.[2] We review the IJ's factual determinations for substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (*en banc*). "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence." *Id.* Our review of the IJ's conclusions of law is *de novo,* but we afford the IJ deference pursuant to *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837, 844, (1984).

Sutedja argues that the IJ erroneously interpreted 8 U.S.C. § 1158(b)(1)(B)(ii) as requiring documentary corroboration of his testimony in order to establish "fear of persecution" under 8 U.S.C. § 1101(a)(42)(A). In doing so, he mischaracterizes the IJ's ruling. Moreover, we agree that the evidence he offered falls woefully short of the quantum of proof required to establish either past persecution, a well founded fear of future persecution, or a likelihood of torture. In *Fatin v. INS*, 12 F.3d. 1233, 1239 (3d Cir. 1993), we explained that "persecution" in the asylum context refers to "extreme conduct[,]" it does not "encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." 12 F.3d at 1240 n.10. The most serious incident was the bombing of a church Sutedja was attending. Insofar as his claim for relief based on ethnicity is concerned, the following testimony is indicative of his claim:

---

[2] We realize that Petitioners are challenging the validity of the "streamlining" regulations that provide for summary affirmance of the IJ's decision. *See* 8 C.F.R. § 1003.1. We have already rejected that argument in *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (*en banc*), and need not address it here.

**Q.** Were you ever being physically harmed when you were in Indonesia?
**A.** Not too serious, but it happened so many times when I drove my bike - - when I rode my bike and people would call me Chinese, Chinese, and sometimes they hit me, but its's not too serious. I do not understand why they hit me, what's the reason they did that to me.

4/8/2005 N.T. p. 64-5.

Although the mistreatment and harassment Sutedja received was certainly unpleasant, he conceded that "it's not too serious." His testimony simply did not establish persecution. Moreover, the IJ correctly noted that Petitioner's family continues to reside in Indonesia without incident. That, combined with Sutedja's less than compelling testimony about the incidents that occurred before he left Indonesia, supports the IJ's conclusion that he had not established his entitlement to relief by a preponderance of the evidence. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003) (since the test for withholding of removal is more demanding than the test for asylum, failure to establish a claim for asylum is fatal to a claim for withholding of removal).

Similarly, the record is devoid of any evidence of the governmental involvement or acquiescence required for relief under the CAT. *See Silva-Rengifo v. Att'y Gen.,* 473 F.3d 58 (3d Cir. 2007). Although there is testimony that various individuals were hostile to Petitioners, mistreated and harassed them, there is nothing to suggest the conduct of those individuals is attributable to the government of Indonesia or its agents. To the extent that there is evidence that police were informed of the mistreatment that Krestianti and Sutedja were subjected to, the record shows only dereliction of duty and corruption. It

4

does not suggest a likelihood of torture if either is returned to Indonesia.

Petitioners also argue that the IJ erred in excluding certain police reports and documents pertaining to a robbery of Krestianti's father. That claim, like Krestianti's claim for religious and ethnic persecution, has been waived because it was not presented to the BIA. *See Abdulrahman*, 330 F.3d at 594-95.

Accordingly, for the reasons set forth above, we will deny the Petition for Review.